Wendell CAMPBELL *v.* ENTERGY ARKANSAS, INC.

CA 04–285 200 S.W.3d 473

Court of Appeals of Arkansas
Opinion delivered December 15, 2004

[Rehearing denied January 19, 2005.]

*Howell, Trice, Hope & Files, P.A.*, by: *Jason Files*; *Eubanks, Baker & Schulze*, by: *J .G. Schultze*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Scott J. Lancaster*, for appellee.

Andree Layton Roaf, Judge. In this negligence case, appellant Wendell Campbell sued Entergy Arkansas, Inc. after receiving an electrical shock from an Entergy guy wire. Campbell argued that Entergy's negligence was the cause of his injuries, and Entergy argued that Campbell's own negligence caused his injuries. The case was initially submitted to the jury on a general-verdict instruction. After the jury expressed confusion about comparative fault, the trial court resubmitted the case on special interrogatories. The jury apportioned fault between Campbell and Entergy fifty-fifty, which resulted in a verdict for Entergy. On appeal, Campbell argues that the trial court erred when it submitted the case on special interrogatories because he was not allowed to argue the effect of the comparative-fault special interrogatory. We agree, and reverse and remand.

Because Campbell does not challenge the sufficiency of the evidence, a long recitation of the facts is not necessary to an understanding of the issue on appeal. While doing yard work at his residence on August 15, 2001, Campbell came in contact with a guy wire, which Entergy owned, installed, and maintained. He suffered an electrical shock. Campbell sued Entergy, alleging that Entergy's negligence in constructing and maintaining the electrical wire caused his injury. Entergy denied fault for Campbell's injuries, and expert testimony was presented supporting Entergy's theory of the case.

Following the jury's instructions, the parties presented closing arguments. At the close of the arguments, the case was submitted to the jury on a general verdict. After the jury retired to deliberate, it returned to the courtroom without having reached a verdict. The foreperson stated that the jury was hung six to six.

The trial court gave a further instruction, encouraging the jury to continue deliberating in an effort to reach a verdict. The jury again retired to deliberate.

Subsequently, the jury presented a question to the trial court. It asked, "What verdict form do we use for a fifty-fifty verdict?" Neither the trial court nor the attorneys understood whether the jury meant that it was still tied six to six, or whether they were attempting to apportion fault between the parties. The trial court sent a written response, indicating, "The Court needs clarification: Is the question that you are deadlocked 50% to 50% or 6 to 6 or; Have you determined that both the plaintiff and the defendant are each 50% responsible for the accident." The jury circled the portion of the question that stated, "Have you determined that both the plaintiff and the defendant are each 50% responsible for the accident," and wrote at the bottom of the note, "This is our position." The trial court wrote back, "The way your question must be answered is to refer to instruction 'AMI 2101 — Comparative Negligence or Fault — Claim by one plaintiff — No Counterclaim' and be guided accordingly." The jury then responded, "The way these forms are typed there is no way to compare percentages," and the trial court responded, "You are not required to assess percentages of negligence on the verdict form itself. But to use those percentages you reach to choose the correct verdict form according to 2101."

After some time, the jury returned with yet another question. The trial court opined to the attorneys that it believed that the jury had decided that fault should be apportioned between the parties fifty-fifty; that it would be silly to require the jury to continue in this manner; and that he was submitting the case on interrogatories. Campbell objected to the submission of the case on interrogatories, asserting that the parties were not given the chance to present closing arguments on the interrogatories, but stated that if the trial court submitted the interrogatory, it should submit the entire instruction. Following the preparation of the interrogatories, the jury was called back into the courtroom for further instruction. The case was submitted to the jury on interrogatories, and the jury, by apportioning fault fifty-fifty, returned a verdict in Entergy's favor. Campbell appeals.

Campbell argues that the trial court erred by submitting the case on interrogatories after the parties had presented closing arguments, thereby preventing him from arguing the effect of an

answer to any interrogatory as required by Arkansas Code Annotated section 16-64-122(d) (Supp. 2003).

 The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Madden v. Aldrich*, 346 Ark. 405, 58 S.W.3d 342 (2001). In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. If the language is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id; see also Rathbun v. Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993). Arkansas Code Annotated section 16-64-122(d) provides, "In cases where the issue of comparative fault is submitted to the jury by an interrogatory, counsel for the parties *shall* be permitted to argue to the jury the effect of an answer to any interrogatory."[1] (Emphasis added.) The word "shall" is considered mandatory. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001).

 . Consequently, Campbell should have been permitted to argue the effect of the answers to the interrogatories to the jury, and it was error for the trial court to submit the case on interrogatories without allowing Campbell further argument. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

PITTMAN and CRABTREE, JJ., agree.

---

[1] We are mindful of the supreme court's holding in *Argo v. Blackshear*, 242 Ark. 817, 416 S.W.2d 314 (1967), which states that it is reversible error for the trial judge to inform the jury as to the effect of their answers to interrogatories where jurors apportioned fault 50%-50%, between the parties, because it undermined the intent to elicit the juror's unbiased judgment on issues of fact. However, Ark. Code Ann. § 16-64-122(d), which permits counsel to inform the jury of the effect of their answers to interrogatories, was enacted after the decision in *Argo, supra*. We are also aware that the federal courts have refused to apply subsection (d), finding that it conflicts with Rule 49 of the Federal Rules of Civil Procedure, which govern submission of cases on special interrogatories, and that it nullifies the trial court's reasons for submitting the case on special verdict. We attempted to certify this case to the supreme court, however the supreme court declined to accept it.